## JANSEN and others *vs.* CAIRNES and wife, and others.

A testator, by his will, devised and bequeathed to his wife all the income of his real and personal estate for life. And after her death he gave certain portions of his estate to the children of her brother. He then gave the residue of his estate, after the death of his wife, to A. E. T. during her life, subject to certain charges. By the fourth clause of his will he gave to the children or issue of A. E. T. $10,000, after her death, and to the children of W. P. T. and A. J. S. $20,000; one half to the children of each. By the fifth clause he gave to W. P. T., A. J. S. and E. S., as the same was possessed by his wife and A. E. T., if they outlived the latter, for life. By the sixth clause the testator gave the residue of his estate, real and personal, to E. S., to her and her children forever, to them and their heirs. And he left her, when she arrived at age, $50,000, *any thing in his will contained to the contrary notwithstanding.* By the ninth clause the testator provided that in case E. S. should die without leaving issue, in that case, and no other, the whole of his estate that might then remain should go to his paternal and maternal cousins, &c. On a bill by a part of the paternal heirs and next of kin of the testator, for the purpose of obtaining their shares of his estate, upon the ground that the several dispositions of the property made by his will, except the life estate therein to his wife, were invalid; and to have the $50,000 legacy to E. S. declared void—

*Held* that the absolute ownership of the $50,000 of the testator's personal estate was not suspended for more than two lives in being at the death of the testator, by the contingent legacy to E. S. and her issue; and that her right must vest in interest and in possession, if ever, during the continuance of one life in being at the death of the testator. That although the first and third clauses of the will gave successive life estates in the income of the real and personal property, generally, to the widow and to A. E. T., yet that those general devises and bequests must be taken in connection with other provisions of the will; and must be construed, if possible, so as to be consistent therewith.

*Held also,* that the legal effect of the will, so far as related to the interests of the widow and A. E. T. and E. S., in the amount of the $50,000 legacy, was the same as if the testator had ordered $50,000 of his personal estate to be set apart and invested, so as to produce an income, and that the capital of the fund should be paid to E. S. when she arrived at twenty-one, if she lived to attain that age; and had limited successive estates in the income of the $50,000 for the lives of the widow and A. E. T. respectively, unless the contingency sooner happened by which the capital became payable to E. S.

*Held further,* that upon the arrival of E. S. at the age of twenty-one, she would be entitled to the payment of the capital of the $50,000, as her absolute property.

Whether the life estate of A. E. T. in the income of the amount of the $50,000 legacy was not invalid; on the ground that it might suspend the absolute ownership of that part of the fund for a longer period than two lives in being at the death of the testator? *Quære.*

THIS case came before the chancellor upon an application, by the complainants, for an injunction and receiver.

George Rapelye of the city of New-York, died in May, 1835, without lawful issue, leaving a large real and personal estate. By his will, executed in due form of law, he devised and bequeathed to his wife all the income of his real and personal estate for life; and appointed her the executrix of his will, during her life. After her death he gave certain portions of his estate to the children of her brother. He then gave the residue of his estate, after the death of his wife, to A. E. Taylor, who afterwards married the defendant W. Cairnes, jun. during her natural life, charged with the education and support of W. P. Taylor, Anne J. Smith, and Ellen Eliza Smith. By the fourth clause of his will he gave to the children or issue of A. E. Taylor $10,000, after her death, and to the children of W. P. Taylor and Anne J. Smith $20,000 ; one half to the children of each. By the fifth clause he gave his estate to W. P. Taylor, A. J. Smith, and Ellen E. Smith, as the same was possessed by his wife and A. E. Taylor, if they outlived the latter ; to hold the same as joint tenants for and during their natural lives, and no longer. The sixth clause of the will was as follows : "I give, devise and bequeath the rest, residue and remainder of the whole of my estate, real and personal, unto the before named Ellen E. Smith, who I here consider and make my principal heir to my estate, that is, to her and her children, if she should have any, forever to them and their heirs ; and I leave her when she arrives at age, fifty thousand dollars, *any thing herein contained to the contrary notwithstanding.* And I hereby nominate and appoint her third executrix to carry the provisions of this my last will into effect, with full power to execute the same." The seventh clause of the will protected the property devised and bequeathed to females, from the power or control of their husbands in case of marriage; and the eighth appointed A. E. Taylor, (now Mrs. Cairnes,) second executrix, to execute his will after the death of his wife; and appointed her guardian for W. P. Taylor, Anne J. Smith and Ellen Eliza Smith, to have the entire management of them during her life.

time, and also of the property before devised for their benefit and advantage, to manage as she might deem most proper. And by the ninth clause of his will the testator provided that in case Ellen Eliza Smith should die without leaving issue, in that case and in no other, the whole of his estate that might then remain should go to his paternal and maternal cousins, and their children and descendants, in the manner in that clause of the will particularly specified.

At the death of the testator he left his wife, who had died before the filing of the bill in this cause, and A. E. Taylor, now Mrs. Cairnes, W. P. Taylor, Anne J. Smith and Ellen Eliza Smith—the latter of whom was about nine years of age—surviving him. After the death of Mrs. Rapelye, the widow, Cairnes and wife took out letters testamentary upon the estate; and this bill was filed by the complainants, who claimed to be a part of the paternal heirs and next of kin of the testator, for the purpose of obtaining their shares of the estate, upon the ground that the several dispositions of the property made by his will subsequent to the death of Mrs. Cairnes were invalid, and that the $50,000 legacy given to Eliza Ellen Smith was also void.

*W. C. Noyes,* for the complainants. The will contains a scheme for the disposition of the testator's real and personal estate; the general design of which is in violation of the revised statutes concerning trusts. Some of its provisions are plainly unauthorized and void. These provisions embrace some of the most important parts of the will; and the residue being comparatively insignificant portions of the same scheme, ought not to be permitted to stand. The remainder for life to Wm. Paul Taylor, Ann Janette Smith, and Ellen Eliza Smith, and the remainder in fee to Ellen Eliza Smith are void, under the provisions of the revised statutes; because they suspend the power of alienation for a longer period than during the continuance of any two lives in being at the creation of the estate. The power of alienation is suspended for more than two lives in being at the creation of the estate, because two prior life estates are given; which, with these three, make five in all. The ultimate re-

mainder in fee, which is a contingent one, is to Ellen Eliza Smith, and her children ; the latter not in being, and who could not of course convey an absolute fee in possession.   The remainder in fee to Ellen Eliza Smith is a contingent one, and is not made in conformity with section 20 of the article of the revised statutes concerning trusts; so that the remainder must vest in interest during the continuance of not more than two lives in being at the creation of such remainder, or at the termination thereof.   The remainder to the children of Ellen Eliza Smith is also void upon common law principles, in regard to contingent remainders, as well as under the revised statutes. (1 *R. S.* 723, §§ 14, 15, 16.   14 *Wend.* 265.   16 *Id.* 61.)

The remainder devised by the ninth clause of the will, to the maternal and paternal cousins of the testator, being a contingent remainder in fee, created upon a prior remainder in fee, is void by the 16th section of the article of the revised statutes concerning trusts; inasmuch as the same is not limited to take effect in the event that the persons to whom the first remainder is limited, should die under the age of twenty-one years, nor upon any other contingency by which the estate of such persons might be determined before they attain their full age.   In reference to the personal property, this part of the will, and those parts creating remainders to Wm. P. Taylor, Ann J. and Ellen Eliza Smith, are in violation of that section of the revised statutes which declares that the absolute ownership of personal property shall not be suspended, by any limitation or condition whatever, for a longer period than during the continuance and until the termination of two lives in being at the death of the testator.   (1 *R. S.* 773, § 1.)   But whether this is so or not, is not material, as the complainants are paternal cousins, and as such would be entitled to take if this clause of the will was valid.   The legacy of $50,000 to Ellen Eliza Smith is also void.  And the several legacies given by the fourth clause of the will are likewise void.

It results from the preceding views, that almost the entire structure which the testator attempted to rear, is opposed to the wholesome policy of our laws.   And it is submitted that the

remaining life estate, now claimed by Mrs. Cairnes, should not be permitted to stand. It can only be sustained by applying the *cy pres* doctrine; which it is believed is entitled to no particular favor, and is in fact not applicable to the present provision. This doctrine was intended to prevent a violation of the intention of the testator, where the language of the will was ambiguous, and where an estate was endeavored to be raised contrary to law, though the apparent intention was a lawful one; but at the same time to carry into effect this general valid intention in favor of the objects of his bounty, and to raise the estate according to law, so as not to violate any legal provision. (*Fearne on Rem.* ed. 1826, *by Butler*, *p.* 203 *and note.*) In *Bradnell* v. *Ellis*, (7 *Ves.* 390,) Lord Eldon said that the doctrine was not to be carried beyond the adjudged cases. And Mr. Butler observes that it should not be acted on without great consideration. The devise to Mrs. Cairnes was intended as a part of the provision for William Paul Taylor, Ann Janette Smith, and Ellen Eliza Smith; for the income is given to her with a charge for their support and maintenance. Why should this provision for their benefit remain valid when the devise directly to them is confessedly void? It was not the testator's intention to give her the estate, or to enable her to bestow it in marriage, or otherwise. The children were the objects of the testator's bounty; and her claim in their behalf is greatly diminished by the death of one of them. To sustain this provision will be giving her the property practically for her own use; which the testator never intended. Nor did he mean to give it to her disconnected from the other provisions of the will. His scheme was an entirety; to give them the whole income of the estate for life, by giving it to their mother for their use during her life, and to them after her death; and then over to Ellen Eliza Smith and her children, or to his paternal and maternal cousins, as provided in the last clause of the will. It is quite clear from these considerations either that the complainants and the other heirs at law of the testator, have the entire and present right to all the real and personal estate, or that they took a present interest in his real and personal estate

in remainder after the termination of the life estates of his widow and Mrs. Cairnes, conceding those two life estates to be valid. In either event, they have such an interest in the real and personal estate as authorizes them to file this bill.

*Charles O'Conor*, for the defendants, insisted that there had been no misapplication of the funds; that the $50,000 legacy was valid; and that there were no sufficient grounds for the granting of an injunction, or for the appointment of a receiver, in the present state of the suit.

THE CHANCELLOR. The decree in the suit instituted by John Emmons being appealed from, and it now appearing that he was not interested in the personal estate, as one of the next of kin who were authorized to take under the statute of distributions, that decree cannot affect the rights of any of the parties in this suit; so far as the personal estate is concerned. The question now before me must therefore be disposed of as if that decree had never been made. The papers read in opposition to this application, so far disprove the allegations in the bill in relation to the irresponsibility, and the alleged misconduct charged in the bill, against Cairnes and wife, in respect to the management of the estate, that there is no reason for putting the estate under the management and control of a receiver. The only question necessary to be examined, then, is as to the validity of the $50,000 legacy, to Ellen Eliza Smith, given by the sixth clause of the will. For, if that legacy is void, Cairnes and wife should be enjoined from paying it over to her, in case the complainants have any interest whatever in the testator's personal estate, as a part of his next of kin.

But upon a careful investigation of the various provisions of this will, I have arrived at the conclusion that the assistant vice chancellor was wrong in supposing that the absolute ownership of that part of the testator's personal estate was suspended for more than two lives in being at the death of the testator by the contingent legacy of $50,000, or that it can by any possibility be thus suspended. It is true the first and third

Jansen v. Cairnes.

clauses of the will give successive life estates, in the income of the real and personal property, generally, to the widow of the testator and to A. E. Taylor. But those general devises and bequests of the income must be taken in connection with other provisions of the will; and must be construed, if possible, so as to be consistent therewith. For instance, the devise of a life estate to A. E. Taylor, in the whole income of all the testator's real and personal property, immediately after the death of his wife, must not be taken to include the income of that part of the property which is given to the children of B. P. Provost after the death of the widow. Nor can it properly be held to give A. E. Taylor the income of the $50,000 legacy for life, which by the terms of the will is payable immediately upon the arrival of Ellen Eliza Smith at the age of twenty-one.

The language of the will in relation to that legacy is peculiar. It is, "I leave her, when she arrives at age, in her own right and disposal, $50,000; *any thing herein contained to the contrary notwithstanding.*" If this legacy, therefore, depends upon the contingency of her arrival at the age of twenty-one, it is payable immediately after her arrival at that age, even if the widow of the testator, and A. E. Taylor should both be living at that time; the other provisions of the will, giving them successive life estates in the income of the testator's property, to the contrary notwithstanding. The moment she arrived at the age of twenty-one, this $50,000 was to be carved out of the testator's estate, and given to Ellen E. Smith, absolutely in full property; to be disposed of as she might deem proper. The giving of this legacy to her, therefore, could by no possibility suspend the absolute ownership of that part of the testator's property beyond her life, which was in being at the death of the testator. For if she arrived at the age of twenty-one it was to be paid immediately. And in case she died under that age, if the life estate of A. E. Taylor in that part of the testator's property, after that time, might have the effect to suspend the absolute ownership of the $50,000 beyond the time allowed by law, the gift of the income of that part of the testator's personal property, to A. E. Taylor, after the death of the widow of

the testator, would be void; and not the contingent legacy to Ellen Eliza Smith, which must vest in absolute property, if ever, during the continuance of one life in being at the death of the testator.

The legal effect of the will, so far as relates to the interests of the widow, and of E. A. Taylor and Ellen Eliza Smith in the amount of the $50,000 legacy, is the same as if the testator had ordered $50,000 of his personal estate to be set apart and invested, so as to produce an income, and that the capital of the fund should be paid to Ellen Eliza Smith when she arrived at twenty-one, if she lived to attain that age; and had limited successive estates in the income of the $50,000, for the lives of the widow and A. E. Taylor, respectively, unless the contingency sooner happened by which the capital would become payable to Ellen Eliza Smith. Had the will been in this form it would have been perfectly evident that the contingent limitation to the legatee, of such capital, could not by any possibility suspend the absolute ownership beyond the life of such legatee, whether she did or did not live to attain the age of twenty-one; and that if the absolute ownership was suspended after her death, under the age of twenty-one, it must be by the limitation of the two successive life estates in the income of that part of the testator's personal property, after the happening of that event. Therefore if the life estate in the income, after the death of Ellen Eliza Smith, which is limited to A. E. Taylor, suspends the absolute ownership, or might by possibility suspend the absolute ownership in the $50,000, that limitation, and that only, is void; under the provisions of the revised statutes. (1 R. S. 773, § 1.)

Upon the arrival of Ellen Eliza Smith at the age of twenty-one, therefore, she will be entitled to the payment of the capital of the $50,000, as her absolute property. The application for an injunction, and for the appointment of a receiver, must be denied with costs.