NEW YORK COUNTY.—HON. D. G. ROLLINS, SURRO-GATE.—July, 1887.

MATTER OF TILFORD.

*In the matter of the estate of* JOHN B. TILFORD, *deceased.*

An annuity, or a provision in the nature of an annuity, for the payment of which resort may be had to the income of a fund, but which is not directed to be discharged from such income exclusively, is an aliena-ble interest, and a charge upon both income and corpus.

Hunter v. Hunter, 17 *Barb.*, 25 ; Griffin v. Ford, 1 *Bosw.*, 123—compared.

Testator's will provided : "I give to my wife $6,000 per year, during her life, for her support. I give to each of my children not less than $600 nor more than $1,500 per year for their education and support until they become twenty-five years of age, as my executrix and executor may think proper. As each of my children becomes twenty-five years of age, my executrix and executor shall give each child $50,000." It also gave the executors power to make investments and private sales. Upon an application for construction of these provisions, it was con-tended, *inter alia*, that the will attempted an unlawful suspension of the power of alienation,—*Held*,

1. That the provision for the widow was a simple annuity, alienable at the pleasure of the beneficiary.

2. That the first provisions for the children, whether to be regarded as strict annuities, or bequests in the nature of annuities, or as creating alienable trust interests, were valid and effectual.

3. That the legacies of $50,000, each, to the children were not vested but contingent.

4. That there was no disposition of the residuary estate, which, accord-ingly, must be disposed of as in case of intestacy.

CONSTRUCTION of will upon application for its admission to probate.

HAWKESWORTH & RANKINE, *for proponents.*

EUSTACE CONWAY, *special guardian.*

THE SURROGATE.—An instrument purporting to be the last will and testament of this decedent and to dispose of personal property whereof he died possessed is about to be admitted to probate. Pursuant to § 2624 of the Code of Civil Procedure I am asked to pass upon the validity, construction and effect of its very inartificial provisions.

The testator left him surviving a wife and three infant children. The first clause of his will bequeaths small pecuniary legacies to certain specified persons. The second is in these words: "I give to my wife $6,000 per year during her life for her support." The third is as follows: "I give to each of my children not less than $600 nor more than $1,500 per year for their education and support until they become twenty-five years of age, as my executrix and executor may think proper. As each of my children becomes twenty-five years of age, my executrix and executor shall give each child $50,000. My executrix and executor are given full power and authority to make any investments of my estate as they may think proper, without regard to any laws regulating trust or other estates and to make private sales of any of my property."

It is claimed that as no particular portion of the residuary estate is directed to be set apart for the satisfaction of each of the foregoing bequests, I am

bound to hold that the testator has undertaken to constitute his entire residuary estate a trust fund, single and indivisible, for the annual payment of the $6,000 to his wife and the $600—$1,500 to each of his children, and for the payment to each of the children of $50,000 upon their severally attaining the age of twenty-five years; and that this attempted trust is invalid and ineffectual, for the reason that its enforcement would involve a suspension of the absolute ownership of personal property for a longer period than two lives in being at the testator's death.

This contention involves the notion that the testator contemplated that no part of the *corpus* of his estate should be distributed until the death of the last survivor of the four persons interested in the provisions above quoted, except that the sum of $50,000 should be distributed to each of the children upon his attaining the age of twenty-five years ; that save for this exception the entire estate must, if the will be obeyed, be held intact to supply the income for the discharge of the annual payments directed by the will.

If it be true that the *corpus* of the estate must, even in the event of the death of two or more of the children in the lifetime of the widow and before reaching the age of twenty-five years, or in the event of the death of the widow and of one or two of the children not having attained that age, continue to be held for the benefit of the survivor or survivors, then the will certainly contemplates an unlawful suspension of the power of alienation.

But it seems to me that this was not the purpose of

the testator. The provision for the benefit of the widow is a simple annuity. There is no designation of the source from which it must be paid, nor is there any intimation of a wish that the income rather than the *corpus* should be exclusively or primarily devoted to its satisfaction. Indeed, the will contains no express authorization for the collection or for the disposition of income ; and though such authority is probably implied in the direction to invest and change investments, that direction by no means justifies the inference that the testator intended that the annuity for his widow should be paid out of income alone or that the income should be exhausted before resort could be had to the principal for its satisfaction.

The income will naturally be the primary source from which, if the provision in question is upheld, it will in fact be satisfied, but the beneficiary can compel a resort to the *corpus* at any time if the income shall prove inadequate. The annuity being thus charged upon both *corpus* and income, and not being connected with any trust, is an interest which the law regards as alienable at the pleasure of the beneficiary ; and is not therefore under the ban of the statute against perpetuities (1829, Bradhurst v. Bradhurst, 1 *Paige*, 331, 346 ; 1836, Hawley v. James, 16 *Wend.*, 61 ; 1839, Gott v. Cook, 7 *Paige*, 521, 535 ; 1840, s. c., *sub. nom.* Cane v. Gott, 24 *Wend.*, 641, 664 ; 1840, Maurice v. Graham, 8 *Paige*, 483 ; 1844, De Graw v. Clason, 11 *Paige*, 136 ; 1848, Mason v. Jones, 2 *Barb.*, 229, 242, 247 ; 1852, Lang v Ropke, 5 *Sandf.*, 363 ; 1853, McGowan v. McGowan, 2 *Duer*, 59 ; 1853, Hunter v. Hunter, 17 *Barb.*, 25, 92 ; 1857, Griffen v.

Ford, 1 *Bosw.*, 123; 1868, Killam v. Allen, 52 *Barb.*, 605; 1882, Johnson v. Cornwall, 26 *Hun*, 499, affi'd, 91 *N. Y.*, 660).

It follows that the bequest to the testator's widow is of itself valid, and that it must therefore be upheld unless the bequest to his children is ineffectual, and the two bequests are so interdependent that neither can stand alone. The only noticeable particulars wherein the latter provision differs from the one already considered are these: that the latter provision is not a gift of a definite annuity *simpliciter*, but is an annual gift of a sum to be determined by the executors, in the exercise from time to time of a limited discretion, which sum is to be applied to the children's education and support.

These features of the legacy now under consideration do not, in any legal sense, distinguish it from the legacy to the widow. The grant of discretionary authority to the executors to fix the amount to be applied for the children's support and education, and the grant of authority to make and change investments, may not unreasonably be regarded as indicating an expectation on the part of the decedent that resort would be had to the income of the residuary estate for meeting the annual payments; but it is true of these bequests as of the bequests to the widow, that the will contains no direction and no suggestion of a direction that the executors shall discharge them wholly out of the income. I am clear that in the event of insufficiency of income the principal estate could properly be depleted for their satisfaction. The doctrine that an annuity, or a provision in the nature of an

annuity, for the payment of which resort *may* be had to the income of a fund, but which is not *directed* to be discharged from such income exclusively, is an alienable interest and a charge upon both income and *corpus,* is recognized in several of the cases already cited (see Hawley v. James, Gott v. Cook, Maurice v. Graham, DeGraw v. Glason, Lang v. Ropke, Mc-Gowan v. McGowan, Griffen v. Ford, Killam v. Allen, Hunter v. Hunter, *supra*).

In the ·case last named, a testator after giving an annuity of $300, payable out of the income of his estate, directed his executors to provide for the education· of his grandchildren out of the income, and made the annuity a charge upon such income. The court held that there was no suspension of the power of alienation, as the annuity " might be personally released by the children but for their minority, and a suspension resulting simply from minority is not such as is contemplated by the statute." In Griffen v. Ford, there was a gift to trustees for this purpose among others : " to apply out of the income so much thereof as is necessary for the support and maintenance " of a person named. There was a direction to pay the beneficiary in the event of her marriage an annuity of $100 out of such income during her life. It was held that the trust was not such a trust as suspended the power of alienation but was " in its nature an annuity."

The cases referred to are like the case at bar, both as regards indefiniteness in the amount of the bequests, and as regards the purposes to which such bequests were made applicable.

VOL. v.—34

Whether the provisions for the children of this testator are to be regarded as in strictness annuities, or as bequests in the nature of annuities, or as creating alienable trust interests, I am of the opinion that they are valid and effectual. It is competent for the executors to set apart separate funds for their satisfaction and for the satisfaction of the widow's annuity, and it would seem to be their duty so to do under the will (Lang v. Ropke, *supra.*, Gott v. Cook, *supra*, p. 525; Hunter v. Hunter, *supra*, p. 35, 92; Slanning v. Style, 3 *P. Wm's*, 336; Stanway v. Styles, 2 *Eq. Cas. Abr.*, 246; Stephenson v. Axson, 1 *Bailey* [*S. C.*] *Eq.*, 274; Fryer v. Buttar, 8 *Sim.*, 442; Batten v. Earnley, 2 *P. W'ms*, 162; Healey v. Toppan, 45 *N. H.*, 243, 264; Nutter v. Vickery, 64 *Me.*, 490).

The testator's provision that as each of his children shall become twenty-five years of age the executors shall give him $50,000 is entirely independent of the provision for the children's support and maintenance in the interval. There is no present gift of these legacies with a direction for future payment, but the notion of futurity is a part of their very substance. The interests of the legatees therefore are not vested but contingent (Knight v. Knight, 2 *Sim. & St.*, 490; Paterson v. Ellis, 11 *Wend.*, 259, 271; Emmons v. Cairns, 3 *Barb.*, 243; Jansen v. Cairnes, 3 *Barb. Ch.*, 350; Warner v. Durant, 76 *N. Y.*, 133; Everitt v. Everitt, 29 *N. Y.*, 39; Murray v. Tancred, 10 *Sim.*, 465; Smith v. Edwards, 88 *N. Y.*, 92).

The testator has made no disposition of his residuary estate. It appears that after payment of the debts, the legacies bequeathed by the first clause of the will,

and the appropriation of such portion of the assets as may be needed to meet the annuities and charges, there is likely to be a residuum.  Such residuum, together with so much of the income of the sums appropriated as shall not be consumed in satisfying the said annuities and charges, and such of the funds appropriated as may hereafter be relieved from the burden with which they are charged, must be distributed as in case of intestacy.